UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLYDE BOGLE,<br>      Plaintiff,<br><br>      v.<br><br>UMASS CORRECTIONAL HEALTH<br>SERVICES, ET AL.,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 12-12348-NMG |

MEMORANDUM AND ORDER

GORTON, D.J.

BACKGROUND

On December 14, 2012, Plaintiff Clyde Bogle ("Bogle"), a prisoner in custody at MCI Norfolk, filed this civil rights action against a number of prison officials, prison medical staff, and medical facilities. He alleged that the Defendants were deliberately indifferent to his serious medical needs, which included an eye infection resulting from unsuccessful eye surgery, and a mouth infection and gum disease.

On January 15, 2013, this Court issued a Memorandum and Order (Docket No. 9) assessing Bogle's filing fee obligations, denying his motion for appointment of counsel, and directing him to demonstrate good cause why this action should not be dismissed for the reasons set forth in the Memorandum and Order. Those reasons included the failure to plead deliberate indifference claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, the lack of *respondeat superior* liability under 42 U.S.C. § 1983 as to certain Defendants, and the possibility that some of Bogle's claims were time barred. In addition to a filing a Show Cause Response, Bogle was directed to file an Amended Complaint curing the Rule 8 pleading deficiencies.

On February 4, 2013, Bogle filed both a Response to the Show Cause Order (Docket No.

12) and an Amended Complaint (Docket No. 14), along with a Motion to Amend the Complaint (Docket No. 13). In the Show Cause Response, Bogle contends, *inter alia*, that a strong inference could be drawn that the Defendants were directly involved and knew of the substantial risk of harm that could result to him if his medical conditions were not treated. He further contends that the policies of the Department of Correction restricted his abilities to be treated properly. Additionally, Bogle contends that this case is not about the inadvertent failure to provide adequate medical care or about a negligent diagnosis; rather, he asserts that his situation establishes the requisite culpable state of mind for deliberate indifference claims under § 1983.

Next, with respect to the lack of *respondeat superior* liability in claims under 42 U.S.C. § 1983, Bogle focuses on the contention that the Medical Director at UMass Correctional Health Services ("UMCH") is liable because he has the final authority for making or approving all medical decisions. He does not, however, address in any meaningful fashion, the lack of *respondeat superior* liability as to TMC and UMCH (*i.e.*, the entities rather than the supervisors). He simply asserts that there is a connection between the supervisor and the subordinates, and that connection makes TMC and UMCH liable.[1]

In Bogle's Amended Complaint (Docket No. 14), he names many of the same Defendants identified in his original Complaint, omits some of the Defendants, and adds new Defendants. Specifically, the Defendants named in the Amended Complaint are: (1) UMCH; (2) Maureen Atkins, Health Services Administrator/Clinical Administrator; (3) Joseph W. Travers, DDS (head dentist at MCI Norfolk); (4) Lawrence Weiner, Assistant Deputy Commissioner of

---

[1] In the Amended Complaint, Bogle contends that he sent a demand letter to TMC but it refused to accept responsibility for Defendants Goldstein, Laver, and Jones, in connection with his eye surgery. This assertion, standing alone, does not have § 1983 implications, nor does it undermine the lack of *respondeat superior* liability as a bar to his claims.

Clinical Services for the Department of Correction; (5) Ernie Liacopulos, Dental Director for UMCH; (6) Tufts Medical Center (TMC); (7) Michael H. Goldstein, MD for TMC; (8) Nora Laver, MD for TMC; (9) Brian W. Jones, Jr., Physician's Assistant; (10) Luis Spencer, Commissioner of Correction; (11) Thomas Groblewski, Statewide Medical Director for UMCH; and (12) Gary Roden, Superintendent of MCI Norfolk.  Notably, Defendants Travers, Liacopulos, Goldstein, Laver, and Jones, all medical personnel, are new to this action; Dyana Nyckl, Program Risk and Compliance Coordinator of UMCH, and unnamed others have been omitted.

Essentially, Bogle's Amended Complaint reiterates his claims of deliberate indifference, adding an assertion that Defendants Travers and Liacolpulos failed to treat his serious dental condition.  He provides dates and alleged facts he claims supports his claims.  He further claims that many of the wrongful actions occurred in 2012.

Count I alleges that Defendants UMCH, Atkins, Travers, Liacopulos, Groblewski are liable for deliberate indifference.  Count II alleges that Defendants TMC, Goldstein, Laver, and Jones are liable for the hole in his left eye due to incorrect surgical procedures.[2]  Count III alleges the Department of Correction and Defendants Roden, Spencer, and Weiner are liable for deliberate indifference.

As relief, Bogle seeks differing amounts of compensatory and punitive damages against the Defendants.

---

[2]Bogle does not assert this as a negligence/medical malpractice claim, but contends they have violated his constitutional rights.  Those surgical procedures occurred in July, 2008.  This Court need not address the statute of limitations issues at this juncture.  The Defendants may raise this issue at a later point, if appropriate.

DISCUSSION

This Court credits Bogle's substantial efforts to comply with the directives contained in the Memorandum and Order.  While the Amended Complaint still is not entirely pristine, this Court will ALLOW his Motion to Amend Complaint (Docket No. 13) and will permit the action to proceed at this time with respect to all of the Defendants named in the Amended Complaint except for TMC and UMCH.  As to those Defendants, this Court finds that Bogle has failed to demonstrate any basis for § 1983 liability.  His assertion that *respondeat superior* liability can be imposed based on the actions of their supervisors (because the supervisors are directly liable), simply is misplaced, and he asserts no pendant claims against these Defendants that would otherwise keep them as a party to this action.

No further amendments to the Amended Complaint will be permitted until after the Defendants have filed a responsive pleading, and upon a duly-filed motion with good cause shown for the amendment.

Finally, in light of the Amended Complaint and Response to the Show Cause Order, this Court has reconsidered whether to appoint *pro bono* counsel for Bogle; however, the Court remains of the view that the merits of the case are questionable and the likelihood of success on his claims cannot adequately be gauged absent a response from the Defendants.  Thus, appointment of counsel is not justified at this juncture and this Court declines to do so.

Accordingly, this Court will direct the issuance of summonses and, because Bogle is proceeding *in forma pauperis*, will direct service of process to be effected by the United States Marshal Service, as set forth below.

CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion to Amend Complaint (Docket No. 13) is ALLOWED;

2. The Amended Complaint (Docket No. 14) is the operative pleading in this action;

3. No further amendments will be permitted absent leave of Court, upon a motion filed after the Defendants have filed a responsive pleading, and upon good cause shown;

4. Defendants Nickl and unnamed others, listed in the original Complaint but not the Amended Complaint, shall be terminated as parties to this action;[3]

5. The Clerk shall issue summonses as to: (1) Maureen Atkins, Health Services Administrator/Clinical Administrator; (2) Joseph W. Travers, DDS (head dentist at MCI Norfolk); (3) Lawrence Weiner, Assistant Deputy Commissioner of Clinical Services for the Department of Correction; (4) Ernie Liacopulos, Dental Director for UMCH; (5) Michael H. Goldstein, MD for TMC; (6) Nora Laver, MD for TMC; (7) Brian W. Jones, Jr., Physician's Assistant; (8) Luis Spencer, Commissioner of Correction; (9) Thomas Groblewski, Statewide Medical Director for UMCH; and (10) Gary Roden, Superintendent of MCI Norfolk;

6. The Clerk shall send the summonses, a copy of the Amended Complaint, and this Memorandum and Order to the Plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). The Plaintiff may elect to have service made by the United States Marshal Service. If directed by the Plaintiff to do so, the United States Marshal shall serve the summonses, Amended Complaint, and this Memorandum and Order upon the Defendants, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service; and

7. This Court DECLINES to appoint *pro bono* counsel for Plaintiff at this time.

SO ORDERED.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
DATED: March 21, 2013                    UNITED STATES DISTRICT JUDGE

---

[3]This ruling is not intended as a separate and final judgment.