```
                    United States District Court
                      District of Massachusetts
```

|  |  |  |
|---|---|---|
| CLYDE BOGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 12-12348-NMG |
| UMASS CORRECTIONAL HEALTH et al., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Clyde Bogle ("Bogle"), a former inmate at a correctional facility in Massachusetts, alleges that his former medical caregivers were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He names multiple defendants but only five are relevant to this discussion: two who treated Bogle's eyes and three who were involved in his dental care. All of those defendants move to dismiss the claims against them and, for the reasons that follow, their motions will be allowed.

**I.   Factual Background and Procedural History**

Plaintiff was an inmate in the custody of the Massachusetts Department of Correction ("DOC"), where medical care was provided by UMass Correctional Health Services. While

-1-

incarcerated, Bogle suffered from several medical problems with his eyes and gums. His eye injury stems from a 2008 surgery which, according to plaintiff, left a hole in his left retina and caused him to go blind in his left eye. Michael Goldstein, M.D. ("Goldstein") and Nora Laver, M.D. ("Laver") of Tufts Medical Center ("Tufts") were responsible for his eye-related medical care while he was incarcerated.

Bogle also had severe dental problems stemming from a gum infection that caused him constant pain and difficulty eating. When informed by a dentist that the only viable treatment was to replace his teeth with dentures, plaintiff balked. Because his preferred course of action was not undertaken, he filed an institutional grievance with Commissioner of Correction Luis Spencer ("Spencer"), MCI-Norfolk Superintendent Gary Roden ("Roden") and Assistant Deputy Commissioner of Clinical Services Lawrence Weiner ("Weiner") (collectively, "DOC defendants").

Receiving no satisfaction from his grievances, Bogle, acting pro se, filed his initial complaint against a number of prison officials, prison medical staff and medical facilities in December, 2012, along with a motion for appointment of counsel. The Court denied that motion and subsequently required plaintiff to show cause why his complaint should not be dismissed. In February, 2013, plaintiff responded to the order and filed an amended complaint, naming additional defendants. In March,

2013, the Court allowed plaintiff to file an amended complaint and issued summonses to the new defendants. Thereafter, Goldstein and Laver moved to dismiss the amended complaint and the DOC defendants moved to dismiss and/or for summary judgment.

## II. Motion to Dismiss by Defendants Goldstein and Laver

Defendants Goldstein and Laver move to dismiss plaintiff's complaint on two grounds: first, that plaintiff's claim is barred by the statute of limitations and, second, that plaintiff's complaint fails to state a viable claim under Fed. R. Civ. P. 12(b)(6). Because the former ground is dispositive, the Court need not reach the latter.

The applicable statute of limitations for federal civil rights claims under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (citing Wilson v. Garcia, 471 U.S. 261, 276-80 (1985)). In Massachusetts, personal injury suits must be brought within three years after the cause of action accrues. Mass. Gen. Laws c. 260, § 2A. Therefore, the question before the Court is whether plaintiff commenced his action within three years after he knew or had reason to know of the injury that forms the basis of this action. See Torres v. Superintendent of Police, 893 F.2d 404, 407 (1st Cir. 1990).

The short answer is no. Plaintiff alleges that the surgical procedure performed by defendants Goldstein and Laver

-3-

occurred on July 7, 2008.  Accordingly, plaintiff had until July 7, 2011, to file his complaint.  Because plaintiff filed his original complaint on December 14, 2012, it is barred under the governing statute of limitations.  Therefore, the Court will allow the motion of defendants Goldstein and Laver to dismiss.

### III. Motion to Dismiss and/or for Summary Judgment by DOC Defendants

The DOC defendants move to dismiss plaintiff's complaint for failing to state a claim on which relief can be granted.  In the alternative, they move for summary judgment, arguing that the Weiner affidavit demonstrates that there is no genuine issue as to a material fact.  Because the Court finds defendants' arguments persuasive and Weiner's unrefuted affidavit conclusive, it will allow the motion for summary judgment.

To survive a motion for summary judgment, the non-moving party must show that a genuine issue exists as to a material fact. Fed. R. Civ. P. 56(a).  A court must view the factual record before it in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Eighth Amendment's prohibition on cruel and unusual punishment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Correctional

facilities need not provide inmates with perfect or ideal medical care; it must simply be "adequate." Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011). Indeed, the fact that an incarcerated inmate is denied his specific desired course of medical care falls far short of stating a violation of the Eighth Amendment. See United States v. DeCologero, 821 F.2d 39, 42 (1st Cir. 1987) (stating that an inmate "cannot insist that his institutional host provide him with the most sophisticated care that money can buy").

With respect to the DOC defendants, plaintiff's amended complaint alleges that (1) they were "aware of the problem" with his left eye, (2) defendant Weiner denied an appeal of a medical grievance filed by plaintiff in 2012 and is responsible for the mistreatment of plaintiff's eye and mouth by the DOC's medical contractors and (3) defendants Spencer and Roden have failed to remedy his medical problems.

The Court finds, even after drawing all reasonable inferences from the factual record in plaintiff's favor, that he was provided adequate medical care. In several different filings with this Court, he acknowledges that (1) he was seen on several occasions by a dentist, Dr. Travers, (2) Dr. Travers stated that, in his professional medical opinion, plaintiff's teeth should be replaced with dentures and (3) plaintiff refused to accept extraction of his teeth as the appropriate medical

treatment.  The Weiner affidavit also stresses that the medical information available indicates that "the fabrication of dentures remains the only viable option for treating Mr. Bogle's dental issues."

Scratching just under the surface of the complaint yields the inescapable conclusion that plaintiff's claim against the DOC defendants arises from a simple difference of opinion between an inmate and his doctor, not conduct that was deliberately indifferent. Cf. Hennessy v. Dennehy, 2010 WL 3464234, at *8 (D. Mass. Sept. 10, 2010) ("[A] mere professional difference of opinion among an inmate's doctors generally cannot give rise to liability under section 1983....").  Indeed, in his complaint, plaintiff specifically questions the medical advice to have his teeth replaced, asking

> how can false teeth be placed in [plaintiff's] mouth with his gums in the condition they are?

Plaintiff is on untenable legal ground to second-guess the advice of his doctors.  Accordingly, the Court finds no deliberate indifference and the DOC defendants' motion for summary judgment will be allowed.

**ORDER**

For the foregoing reasons, the motion to dismiss by defendants Goldstein and Laver (Docket No. 37) is **ALLOWED** and the DOC defendants' motion to dismiss and/or for summary judgment (Docket No. 45) is, with respect to the motion for summary judgment, **ALLOWED**, and, with respect to the motion to dismiss, **DENIED** as moot.

**So ordered.**

/s/ Nathaniel Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated February 28, 2014